IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Roger Griggs and Lois Griggs,<br><br>Plaintiffs,<br><br>vs.<br><br>Hyatt Corporation d/b/a Sweetgrass Inn at Wild Dunes Resort; Wild Dunes LLC; Lowe Hospitality Group, Inc.; and Dart Interests LLC;<br><br>Defendants. | C/A: 2:23-cv-06483-DCN<br><br>**COMPLAINT**<br>*(Jury Trial Demanded)* |

The Plaintiffs, complaining of the Defendants above-named, respectfully request a jury trial to show unto this Honorable Court:

**PARTIES**

1. The Plaintiffs Roger Griggs (hereinafter "Plaintiff Roger") and Lois Griggs (hereinafter "Plaintiff Lois") are citizens and residents of Lexington County, South Carolina.

2. Hyatt Corporation (hereinafter "Defendant Hyatt") is a foreign corporation existing pursuant to the laws of Delaware and headquartered in a state other than South Carolina. At all times relevant hereto, Defendant Hyatt controlled, owned and/or operated the subject premises located at 5757 Palm Boulevard, Isle of Palms, Charleston County, South Carolina 29451 (hereinafter the "subject premises") and was doing business as Sweetgrass Inn at Wild Dunes Resort.

3. Wild Dunes LLC (hereinafter "Defendant Wild Dunes") is a foreign corporation existing pursuant to the laws of Delaware and headquartered in a state other than South Carolina.

Griggs v. Hyatt Corporation, *et al.*

At all times relevant hereto, Defendant Wild Dunes controlled, owned and/or operated the subject premises and was doing business as Sweetgrass Inn at Wild Dunes Resort.

4. Lowe Hospitality Group, Inc. (hereinafter "Defendant Lowe") is a foreign corporation existing pursuant to the laws of California and headquartered in a state other than South Carolina. At all times relevant hereto, Defendant Lowe managed, developed, constructed, owned, controlled, and/or operated the subject premises.

5. Dart Interests LLC (hereinafter "Defendant Dart") is a foreign limited liability company existing pursuant to the laws of Delaware and headquartered in a state other than South Carolina. At all times relevant hereto, Defendant Dart managed, developed, constructed, owned, controlled, and/or operated the subject premises.

6. This Court has personal jurisdiction over the Defendants as they each availed themselves of the privilege of conducting business and other activities in this District; specifically, that they were actively engaged in business directly relating to the subject premises and/or incident.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity among the parties and Plaintiffs' damages exceed Seventy-Five Thousand and NO/100 ($75,000.00) Dollars, exclusive of costs and interest.

8. Pursuant to 28 U.S.C. § 1332(b) and Local Civil Rule 3.01(A)(1), venue is proper in the Charleston Division because the most substantial part of the acts or omissions giving rise to the Plaintiffs' claims occurred in Charleston County, South Carolina.

## FACTS

9. On or about August 12, 2022, Plaintiffs were invitees and patrons on the subject premises to have a family lunch.

10. Plaintiff Roger walked in the common area around the pool to check on a reservation at one of the resort dining facilities.

11. As Plaintiff Roger walked toward the hostess stand, his foot became caught in a defect in the walking surface, and he suffered a violent fall resulting in serious injuries.

12. Plaintiff Roger tripped and fell due to the depression or defect caused by the broken, settled, uneven concrete, and/or other defect in the walking surface.

13. The depression or defect caused by the broken, settled, and/or uneven concrete presented an unreasonably dangerous condition.

14. The dangerous condition was concealed, and it was foreseeable to the Defendants that patrons could encounter this dangerous trip and fall hazard in the common area walkway.

15. Defendants negligently created the defective condition in the construction of the premises by failing to adhere to generally acceptable construction standards.

16. The defective, dangerous condition existed for a sufficient period of time that the Defendants knew or should have known of its existence.

17. The Defendants, despite actual and constructive notice, failed to take proper measures to repair, remedy, or fix the defective concrete.

18. Despite actual and constructive notice, Defendants failed to warn their patrons of the defective concrete, and that a trip hazard existed.

19. At all times relevant hereto, Plaintiff Roger acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries.

20. The subject incident directly and proximately caused Plaintiff Roger to suffer significant injuries to his body and required him to seek emergency medical treatment resulting in extensive surgery, rehabilitation, pain and suffering, scarring, frustration, and permanent impairment to his right arm, wrist, hand, and person.

21. As a result of his injuries, Plaintiff Roger also incurred medical expenses, suffered lost wages, experienced inconvenience, and sustained other consequential damages, including but not limited to pain and the loss of enjoyment of life.

**FOR A FIRST CAUSE OF ACTION**
**NEGLIGENCE/GROSS NEGLIGENCE/RECKLESSNESS**
**Premises Liability**
AS TO DEFENDANT HYATT AND DEFENDANT WILD DUNES

22. Plaintiffs incorporate all allegations of the paragraphs above into this cause of action as if set forth verbatim.

23. Plaintiff Roger was an invitee of Defendant Hyatt and Defendant Wild Dunes (hereinafter collectively "Premises Defendants") at all times relevant hereto.

24. The Premises Defendants created, knew or should have known of the defective condition of the walking surface of the common areas of the Premises.

25. Upon information and belief, the Premises Defendants were on actual notice of the dangers of the defective concrete due to the injuries and complaints of prior patrons and invitees of the subject premises.

26. The Premises Defendants were on constructive notice of the dangers of the defective concrete such that reasonable inspection would have revealed the condition and its dangers. Further, the condition was present on the subject premises for such an appreciable amount of time that it was reasonable that the condition should have been discovered.

27. The Premises Defendants owed Plaintiff Roger, an invitee, a duty to warn, remedy, inspect, and act reasonably to prevent latent and/or other hazardous or unsafe conditions from occurring on the Premises and to otherwise maintain the property in a reasonably safe condition.

28. Defective concrete in the walking surface of the common areas of the premises, necessary to access the on-site restaurants, pool, and other amenities, is/was a dangerous condition that can cause an invitee/patron to suffer a trip and fall.

29. The Premises Defendants should have taken appropriate measures to fix or repair the defective concrete in the walking surface of the common areas.

30. The Premises Defendants, by and through the actions or inactions of its employees, servants, agents, and/or employees, breached their duty and acted negligently, willfully, wantonly, and grossly negligently in one or more of the following particulars:

    a. In creating a dangerous, unsafe, and defective condition on a walkway, which constituted a hazard to its patron invitees;

    b. In failing to properly hire and/or supervise its contractor, subcontractors, agents and employees in connection with the construction, development, or management of the subject premises;

c. In allowing a dangerous, unsafe, and defective condition to remain when it knew or should have known of the conditions of the grounds, and that the same was unsafe and dangerous and likely to cause serious bodily harm to the Plaintiff(s) and others on said premises;

d. In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances;

e. In failing to properly maintain and inspect the common areas for trip hazards, thus making it unsafe for the use of the Plaintiff(s) and others invited therein;

f. In failing to notify or warn the Plaintiff(s) of the existence of the dangerous, unsafe, and hazardous condition on said premises, although the Premises Defendants knew or by exercise of reasonable care should have known of the said dangerous, unsafe, and hazardous condition;

g. In failing to warn the Plaintiff(s) of a trip hazard which the Premises Defendants knew or by the exercise of reasonable diligence should have known to be present;

h. In failing to take every, or in fact, any precaution to avoid the dangerous, unsafe, and hazardous condition existing on the premises;

i. In failing to have proper signs or warning signals to notify patron invitees of the dangerous, unsafe, and hazardous condition;

j. In maintaining a latent condition which constituted a danger to the Plaintiff(s) and other patrons;

k. In failing to treat Plaintiff(s) with the due care required;

l.  In creating a dangerous condition;

m.  In failing to properly hire, train and supervise employees regarding properly maintaining the Premises in a reasonably safe condition;

n.  In failing to enact, or otherwise follow, procedures, policies, and protocols that would prevent trip hazards;

o.  In failing to exercise even slight care to maintain the premises in reasonably safe condition after prior incidents of customer injury due to the hazard, upon information and belief; and/or

p.  In such other particulars as may be ascertained through discovery procedures undertaken pursuant to the Federal Rules of Civil Procedure.

31. That as a direct and proximate result the Premises Defendants' employees' or agents' negligent, grossly negligent, careless, willful, wanton and reckless conduct, the Plaintiff Roger has and will in the future continue to suffer from the following, without limitation: pain and suffering, medical expenses, trauma, loss of enjoyment of life, lost wages, permanent impairment, scarring, and disfigurement in an amount of actual and punitive damages to be determined at the trial of this action.

**FOR A SECOND CAUSE OF ACTION**
**NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS**
**Construction Defect**
AS TO DEFENDANT LOWE AND DEFENDANT DART

32. Plaintiff Roger incorporates all allegations of the paragraphs above into this cause of action as if set forth verbatim.

33. The Defendant Lowe and Defendant Dart (hereinafter collectively "Construction Defendants") were the parties, together or separately, responsible for construction, development, improvement, or design of the subject premises.

34. The Construction Defendants violated their duty of care by performing services or work in a faulty and deficient manner, resulting in injuries and damages to the Plaintiffs.

35. Specifically, the Construction Defendants owed a duty to Plaintiffs to act with reasonable care and the Construction Defendants violated this duty to Plaintiffs and were negligent, reckless, and willful in one or more of the following particulars:

   a. In failing to properly construct, develop, or manage the common areas of the subject premises during the building process;

   b. In failing to comply with the applicable codes, laws, and standards in the industry;

   c. In failing to properly hire and/or supervise their subcontractors, agents and employees in connection with the construction, development, or management of the subject premises;

   d. In incorporating into the construction of the subject premises material or design that was defective and deficient and non-compliant with applicable codes or standards in the industry;

   e. In implementing defective and inferior construction, design or materials;

   f. In failing to make adequate repairs to conditions which were not in compliance with applicable building codes and standards of care; and

      g.  In failing to act as reasonable persons or entities would in circumstances then and there prevailing; and/or

      h.  And in other such further ways as the evidence may show.

36.    That as a direct and proximate result of Construction Defendants' employees' or agents' negligent, grossly negligent, careless, willful, wanton and reckless conduct, Plaintiff Roger has and will in the future continue to suffer from the following, without limitation: pain and suffering, medical expenses, trauma, loss of enjoyment of life, permanent impairment and disfigurement in an amount of actual and punitive damages to be determined at the trial of this action.

**FOR A THIRD CAUSE OF ACTION**
**Loss of Consortium**
AS TO ALL DEFENDANTS

37.    Plaintiff Lois incorporates all allegations of the paragraphs above into this cause of action as if set forth verbatim.

38.    As a direct and proximate result of the negligence, gross negligence, recklessness, and carelessness of the Defendants as alleged above, Plaintiff Lois's husband sustained severe physical injuries and as a consequence of those injuries, Plaintiff Lois has suffered a loss of consortium.

39.    Specifically, Plaintiff Lois has been and will be deprived of the Plaintiff Roger's comfort, aid, services, assistance, and enjoyment of her husband which she otherwise would have had. She has been and will be deprived of her husband's aid and assistance in maintaining and supporting their household, normal companionship, affection, cooperation in maintaining a normal home life, and in other such further ways as the evidence will show. Plaintiff Lois, during

all such time, has suffered and will suffer great mental anguish, in a sum to be determined by a jury, plus punitive damages to be determined at the trial of this action.

## **PRAYER FOR RELIEF**

That as a direct and proximate result of the Defendants' actions, inactions, or omissions, as provided herein, all of which caused, combined, or contributed to the damages suffered by Plaintiffs, Defendants are liable for actual, consequential, and punitive damages in an amount to be determined by the trier of fact, as well as such other and further relief as may be just and proper.

*/s/ Mary D. LaFave*
Mary D. LaFave, Fed. ID. #10316
Lee Ellen Bagley, Fed. ID. #11453
**CROWE LAFAVE GARFIELD & BAGLEY, LLC**
2019 Park Street
Columbia, South Carolina 29201
803.726.6756
mary@crowelafave.com
leb@crowelafave.com

Attorneys for Plaintiffs

December 13, 2023
Columbia, South Carolina